[Becker *v.* Werner.]

# Becker et al. *versus* Werner.

1. Where a clause in a lease prohibits the transfer thereof by the lessee under penalty of forfeiture, the mortgaging of the leasehold by said lessee will constitute a sufficient ground of forfeiture.

2. Where, by the terms of a lease, the lessor is authorized to distrain either for rent or taxes in arrear, and is also empowered to forfeit said lease in case of failure to pay said rent or taxes, he has the right to distrain for rent in arrear, and at the same time to proceed to forfeit the lease for unpaid taxes.

3. A. leased property to B. the lease providing that the improvements on the premises might be levied upon for rent or taxes in arrear, and that the non-payment of rent or taxes, or the assignment of the lease by the lessee, should constitute sufficient ground for forfeiture. B. and his wife afterwards mortgaged the leasehold. Rent and taxes subsequently falling into arrear A. distrained on the improvements for the rent due only, and the same were sold to B's wife. Five days later A. notified B. that the lease was forfeited. B. and his wife, notwithstanding the forfeiture, remained in possession, the wife paying to A. rent out of her separate estate. Afterwards, the interest on the mortgage being in arrear, the leasehold was sold thereunder and bought by C. C. having brought ejectment against B. and his wife: *Held*, that the mortgage was as against A. a nullity, and could not successfully be set up as against the title acquired by B's wife through the forfeiture and sale of the improvements; that she having joined in the mortgage through a mere blunder, and without having any interest in the leasehold, was not estopped from setting up her title as opposed thereto, and that therefore, defendants were entitled to judgment.

October 14th 1881. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Green, J., absent.

Error to the Common Pleas No. 2, of *Allegheny county:* Of October and November Term 1881, No. 226½.

This was an action of ejectment by Frederick Werner against Frederick Becker and Anna Maria Becker his wife, and Louis Schafer, for a certain tract of land with the buildings and improvements thereon erected, situate on East street in the city of Allegheny.

On the trial, before White, J., the following facts appeared: On March 30th 1877, Edward Schenley and wife executed to Frederick Becker a lease of the premises in question for a period of twenty years at an annual rental of $400. The lessee in said lease covenanted to pay said rent and also all taxes or assessments in the nature thereof that might be charged against the premises during his term. Said lease also contained, inter alia, the following provisions: "In case of violating these cove-

[Becker *v.* Werner.]

nants, or any of them, or of transferring this lease without the written sanction of said lessors, said lessee and his assigns shall forfeit said lease and improvements, and lessors may, either with or without any writ, or legal process, at their option, re-enter and hold said premises and the improvements, buildings, &c., from which time all claims, by defaulting lessee, shall wholly cease. Improvements by said lessee erected, may be removed from said premises at the termination of this lease; provided said covenants have been kept and all arrearages, taxes, assessments, &c., for full term of lease as aforesaid, have been fully paid. But it is herein expressly understood and agreed, that said buildings, improvements and other property on said premises, are subject and held liable to distraint and sale under warrant, in like manner as personal property, for said rent, taxes, assessments and charges; and at any time, in case of failure to pay the same, said taxes, assessments, charges, rents, &c., aforesaid, and at such time due, may be included in, as part of, and do really make, the amount of rent due, and may, at the option of the lessors, be included in and distrained for, on the premises; . . . . and further, it is herein expressly stipulated that no receipt or distraint for simple ground rent is to be considered or claimed as a waiver of right to distrain for, or otherwise enforce payment of, any balance of taxes or other arrears, as aforesaid; also, that other remedies are not waived by lessors."

Becker entered into possession of said premises in pursuance of the above lease. A number of small houses thereon erected he sub-let to various tenants. Other improvements he himself used and occupied.

In February 1878, Becker and wife executed a mortgage of certain other premises belonging to Mrs. Becker, and also of all their right, title and interest in the leased premises. This mortgage was duly recorded, but was not accompanied by a copy of the above lease.

On July 1st 1879, $500 rent being in arrears upon the lease, Torrance, who was the agent of the lessors, directed T. H. B. Patterson, Esq., counsel for the estate, to issue a landlord's warrant for that amount. Patterson accordingly drew up such a warrant, which was placed in the hands of one Irwin, a constable. At the time of the issuing of the said warrant, certain taxes assessed upon said premises were due and unpaid, the amount thereof not being, however, included in the warrant. Irwin, by virtue of said warrant, proceeded to levy upon and sell at constable's sale, on July 18th 1879, certain of the improvements on said premises, consisting of two houses, a large stable and other outbuildings, occupied by Becker. From this sale sufficient was realized to discharge all the arrears of rent due. The purchaser was one Louis Schafer, who bought in the interest

[Becker v. Werner.]

of and in trust for Mrs. Becker, with money advanced from her separate estate. A bill of sale for said improvements was afterwards duly delivered to him.

On July 23d, five days after the date of said sale, Patterson, acting under the instructions of Torrance, proceeded to declare the leasehold forfeited for non-compliance by the lessee with his covenants. With regard to his action in this matter he testified as follows: "Mr. Torrance had told me that the rent was not paid, and directed me to forfeit it. I drew up a notice in writing and went over on to the premises, took possession of the leasehold, served notice on the sub-tenants there in the houses. notified them that the estate took possession of the property, and notified Mr. Becker."

After this date Becker remained in possession of the premises as theretofore, Schafer paying the rent, which he testified was furnished to him out of Mrs. Becker's separate estate.

The interest being in arrear upon the mortgage executed by Becker and wife, the mortgagee, on July 29th 1879, issued a scire facias thereon, and having obtained judgment caused a levari facias to be issued, directed against "all the right, title and interest" of Becker and wife in the premises in dispute. At the sale under said last-named writ, Frederick Werner became the purchaser, and a sheriff's deed being afterwards executed to him, he then brought the present suit.

The court charged, inter alia, as follows: "The defendant contends that the mortgage, not having that lease accompanying it, or recorded with it, is invalid, and hence the sale under it is worth nothing. The plaintiff replies that the Beckers, being the mortgagors, cannot take advantage of that. I have great doubts myself whether the mortgage is really a valid mortgage, but that is a question I will reserve to be considered by the court hereafter, and for the present instruct you it is a good and valid mortgage. Your verdict is for the plaintiff, to be subject to the consideration of the court in banc of that question, which is presented in the second point of the plaintiff's counsel.

"The defendants contend further that the sale by the constable on the landlord's warrant divested the mortgage. . . . I answer that by saying, that the constable's sale does not divest the mortgage.

"Third. Another ground of defence is that this lease to Becker was forfeited by Mr. Patterson as attorney for the Schenleys. . . . The evidence is uncontradicted that Mr. Torrance, as the agent of the Schenleys, issued his landlord's warrant and placed it in the hands of a constable, who made a levy, and on the 18th day of July made a sale for an amount sufficient to cover all the arrears of rent then due. [For Mr. Patterson, therefore, to go on the premises on the 23d

of July and claim that he had forfeited the lease by so noti-
fying the tenants, is a manifest and palpable absurdity.]    If
the Schenleys had the right to forfeit the lease for the non-
payment of rent, they could have pursued that course; but
they did not do so; they issued a landlord's warrant, made a
sale for an amount sufficient to pay the rent in arrear, and
according to Mr. Patterson's testimony, on the 23d of July,
had collected it.    [I say, to attempt to forfeit the lease of
Becker without notice to him, and under such circumstances,
was a manifest and palpable absurdity.]

"Still another question is presented by defendants' counsel;
that there were some taxes on the premises at that time unpaid.
. . . .  [Mr. Torrance might, at the time he issued his land-
lord's warrant in July, 1879, have included all the arrears of
taxes at that time, but he did not; he issued his landlord's war-
rant simply for his rent due, leaving the taxes unpaid; he could
not then forfeit the lease simply because there were arrears of
taxes unpaid.    I don't remember that there was a particle of
evidence in this case to the effect that Mr. Patterson or any per-
son ever notified Mr. Becker that they would forfeit the lease.]"

Verdict for plaintiff accordingly.    Subsequently the court,
in an opinion by WHITE, J., entered judgment for plain-
tiff on the point reserved, holding that the mortgage of the
lease was authorized by the act of April 27th 1855, § 8 (P. L.
369), and further, that Mrs. Becker, having executed the same,
and suffered judgment to be entered against her thereon, and a
sale to take place thereunder without making any defence, was
estopped from setting up the invalidity of said mortgage be-
cause of the failure to record the lease therewith.

Plaintiff thereupon took this writ, assigning for error, inter
alia, the portions of the charge above cited in brackets, and the
entry of judgment for plaintiff on the point reserved.

*Alex. M. Watson* and *A. J. Kirschner*, for plaintiffs in er-
ror.—The mortgage of the leasehold was invalid, because un-
authorized by the provisions of the act of April 27th 1855, § 8
(P. L. 369).    The words " or other premises " contained in said
act, are to be construed as meaning premises *ejusdem generis* as
those already enumerated, viz.: mining or manufacturing prem-
ises: Schenley's Appeal, 20 P. F. Smith 101; Commonwealth
*v.* Wickersham, 9 Norris 314.    It was also invalid because a
copy of the lease was not recorded therewith, as required by the
provisions of said act: Sturtevant's Appeal, 10 Casey 150; Lad-
ley *v.* Creighton, 20 P. F. S. 490.    Mrs. Becker is not es-
topped from setting up the invalidity of the mortgage.    She
had no interest in the leasehold and was not therefore capable
of putting in any defence.    The forfeiture for taxes in arrears

.[Becker v. Werner.]

was valid. Patterson expressly testified that he notified Becker. An actual entry is not necessary in Pennsylvania to complete the forfeiture : Sheaffer v. Sheaffer, 1 Wright 525; Davis v. Moss, 2 Wright 346. After forfeiture the lease was dead : Kenrick v. Smick, 7 W. & S. 41.

*W. C. Moreland,* for defendant in error.—The act of 1855, while it may be limited in its terms to mining and manufacturing properties, is nevertheless universally construed by the profession in our part of the state to cover any leasehold property. The failure to record a copy of the lease with the mortgage was no doubt an irregularity, but Mrs. Becker is clearly estopped from taking advantage of it. The attempt, on her part, was to avoid her own mortgage. This she cannot do: Mac's Appeal, 4 P. F. Smith 200; Hosie v. Gray, 21 P. F. Smith 203. Particularly as against a purchaser at a sale thereunder, she having interposed no defence. The charge of the court on the question of forfeiture was clearly right.

Mr. Justice PAXSON delivered the opinion of the court, November 7th 1881.

This case at first sight would seem to require a great deal of winnowing to separate the wheat from the chaff. A close examination of it, however, leads us to the conclusion that the real matter of controversy lies in a very narrow compass.

The learned judge of the court below charged the jury (see 4th assignment), that "Mr. Torrence might, at the time he issued his landlord's warrant in July, 1879, have included all the arrears of taxes at that time, but he did not; he issued his landlord's warrant simply for the rent due, leaving the taxes unpaid; he could not then forfeit the lease simply because there were arrears of taxes unpaid. I don't remember that there was a particle of evidence in this case to the effect that Mr. Patterson or any person ever notified Mr. Becker that they would forfeit the lease." The learned judge further instructed the jury (see 3rd assignment) : "I say to attempt to forfeit the lease of Becker without notice to him, and under such circumstances, was a manifest and palpable absurdity."

The clause of forfeiture in the lease contains the following language: "And in case of violating these covenants or any of them, or of transferring this lease without the written sanction of said lessors, said lessee and his assigns shall forfeit said lease and improvements, and the lessors may, either with or without any writ, or legal process, at their option, re-enter and hold said premises and the improvements, buildings, &c.,

[Becker *v.* Werner.]

from which time all claims by defaulting lessee shall wholly cease."

At the time of the forfeiture there were three distinct breaches of covenant on the part of the lessee. 1. The rent was in arrear; 2. The taxes were unpaid; and, 3. The lessee had mortgaged his leasehold, which in law was equivalent to an assignment of it. Each of these breaches was a ground of forfeiture. When the distress was made for the rent the overdue taxes were not included in the landlord's warrant, as they might have been, under the terms of the lease. Including the taxes in the warrant was optional, and their omission by the landlord deprived him of no right. If, at the time the rent fell due, there were other breaches of covenant, he had the right to collect his rent by distress, and at the same time proceed to forfeit the lease for such breaches; otherwise he might lose his rent by reason of the forfeiture. This view renders it unnecessary to discuss the question how far the forfeiture could have been sustained under the circumstances had the non-payment of the rent been the only breach of covenant by the leasee.

It was contended, however, that the forfeiture was without notice to Mr. Becker, the lessee, and was otherwise irregular and of no effect.

Mr. Patterson says, in his testimony: " I went over on the premises. Mr. Torrance had told me that the rent was not paid, and directed me to forfeit it. I drew up a notice in writing and went over on to the premises, and took possession of the leasehold, served notice on the sub-tenants then in the houses, notified them that the estate took posession of the property, and notified Mr. Becker."

It will thus be seen that Mr. Becker had notice. We need not speculate how far the proceedings were invalid as to him had he objected to them. But he has never made such objection, and is not now in court denying the regularity of the proceedings. The objection comes from a party who is a stranger to the transaction, and who has no equity to be heard. The mortgage upon the leasehold through which he claims title fell with the forfeiture. The creation of the mortgage was prohibited in substance by the lease, and was a ground of forfeiture. The lessee, having no right to assign his lease, could not do so indirectly by mortgaging it. As against the landlord the mortgage was a nullity, and it cannot be successfully set up as against the title acquired through the forfeiture and constable's sale. That title is now in Louis Schafer as trustee for Mrs. Becker, who furnished the money out of her separate estate to pay the bid at the constable's sale. The original lease was to Frederick Becker, her husband. It is not pretended that she

[Cridge v. Hare.]

had any interest in this lease, and she certainly was not a party to it. It is true she joined in the mortgage of the lease, but that was merely through the ignorance or carelessness of the scrivener. The mortgage covered other property which admittedly belongs to Mrs. Becker, and her joining in the mortgage of the leasehold of her husband was simply a blunder. It furnishes no just ground of estoppel in this proceeding.

> The judgment is reversed, and it is now ordered that judgment be entered in favor of the defendants below upon the question of law reserved.